UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSHAD BRADLEY

v.                                  Case No. 8:17-cr-306-VMC-AEP
                                            8:25-cv-1188-VMC-AEP

UNITED STATES OF AMERICA

_____/

### ORDER

This matter is before the Court on Oshad Bradley's pro se construed 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 51), which was filed on October 3, 2022. The United States of America responded on June 13, 2025. (Civ. Doc. # 4). Mr. Bradley did not reply. The Motion is dismissed as untimely.

### I.  Background

In June 2018, Mr. Bradley pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. Doc. ## 26, 29, 30, 34). In the plea agreement, Mr. Bradley admitted that he had previously been convicted of seven felony offenses, including multiple convictions for possession of cocaine or delivery of cocaine. (Crim. Doc. # 26 at 20). After finding Mr. Bradley subject to an enhanced

1

penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Court sentenced him to 180 months' imprisonment and 5 years' supervised release. (Crim. Doc. ## 42, 45). Judgment was entered on September 21, 2018. (Crim. Doc. # 45). Mr. Bradley did not appeal.

Subsequently, Mr. Bradley filed a motion in his criminal case on October 3, 2022, that challenges his conviction and sentence. (Crim. Doc. # 51). The Court entered a warning pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), warning Mr. Bradley that the Court intended to construe the motion as a 2255 Motion. (Crim. Doc. # 56). The Court directed Mr. Bradley to advise the Court whether he sought to proceed with his construed 2255 Motion, amend his construed 2255 Motion, or withdraw his Motion. (Id. at 3). The Court cautioned Mr. Bradley that if he failed to respond to the order, the case would proceed as an action under 28 U.S.C. § 2255. (Id. at 3-4).

Mr. Bradley failed to respond to the Castro warning, so the Court opened this civil case with the construed 2255 Motion. (Civ. Doc. # 1; Crim. Doc. # 51). The United States has responded in opposition. (Civ. Doc. # 4). Mr. Bradley did not file a reply. The Motion is ripe for review.

2

## II.   Discussion

### A.   Timeliness

The Court agrees with the United States that Mr. Bradley's 2255 Motion is untimely. (Civ. Doc. # 4 at 3-5).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, *inter alia,* 'the date on which the judgment of conviction becomes final.'" Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (quoting 28 U.S.C. § 2255). "In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires." Id.

In certain other circumstances, the one-year statute of limitations runs from (1) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the facts supporting the claim or

3

claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4).

Judgment was entered in this case on September 21, 2018. (Crim. Doc. # 45). Mr. Bradley had fourteen days — until October 5, 2018 — to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). But Mr. Bradley did not file a notice of appeal. Thus, his judgment of conviction became final on October 5, 2018. "The limitation period started the next day, and the time to file a Section 2255 motion expired a year later" — on October 7, 2019. Salley v. United States, No. 8:19-cr-317-MSS-AEP, 2023 WL 3568618, at *1 (M.D. Fla. May 18, 2023). But Mr. Bradley did not file the instant 2255 Motion until October 3, 2022 — close to 3 years after the deadline. (Civ. Doc. # 1; Crim. Doc. # 51). Thus, the 2255 Motion is untimely under Section 2255(f)(1).

Mr. Bradley has not argued that the statute of limitations should run from a different date under 28 U.S.C. § 2255(f)(2)-(4). See Pressley v. United States, No. 5:16-cv-08024-VEH, 2017 WL 412893, at *2 (N.D. Ala. Jan. 31, 2017) ("Petitioner makes no argument, and presents no facts, in favor of the court's application of subsections (2), (3), or (4) of § 2255(f). Thus, the timeliness of the pending motion is calculated under § 2255(f)(1) based upon the date on which

4

Petitioner's judgment of conviction became final."). At most, Mr. Bradley refers to three Eleventh Circuit decisions, Guillen v. U.S. Att'y Gen., 910 F.3d 1174, 1176 (11th Cir. 2018), United States v. Jackson, 36 F.4th 1294, 1297 (11th Cir.) ("Jackson I"), vacated, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), and superseded, 55 F.4th 846 (11th Cir. 2022) ("Jackson II"), aff'd sub nom. Brown v. United States, 602 U.S. 101 (2024), and United States v. Latson, No. 19-14934, 2022 WL 3356390, at *2 (11th Cir. Aug. 15, 2022), for the basic proposition that courts apply the categorical approach to decide if a Florida drug offense is a serious drug offense for ACCA purposes. (Civ. Doc. # 1 at 1). To the extent this brief reference could be interpreted as an attempt to invoke 28 U.S.C. § 2255(f)(3), that argument fails. These are all Eleventh Circuit decisions — not Supreme Court decisions. See 28 U.S.C. § 2255(f)(3) (stating that the statute of limitations may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

Finally, Mr. Bradley has not established entitlement to equitable tolling. "Because equitable tolling is an

5

extraordinary remedy, it is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation and internal quotation marks omitted). "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (citation omitted). Courts in the Eleventh Circuit "have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013). "As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations.'" Id. (citation omitted).

Mr. Bradley has not carried his burden of establishing equitable tolling. In fact, Mr. Bradley does not raise an argument for equitable tolling. Without an asserted basis for equitable tolling, Mr. Bradley fails to meet his burden. See United States v. Paredes, No. 8:06-cr-498-SDM-MAP, 2014 WL 12856131, at *2 (M.D. Fla. Feb. 28, 2014) ("Salas never explains how he is entitled to equitable tolling. Salas provides no reason for his not moving to vacate within the

6

one-year limitation and fails to show due diligence in pursuing his action. Without an asserted basis for equitable tolling, Salas fails to meet his burden.").

The 2255 Motion is dismissed as untimely.

## B.    Procedural Default

Alternatively, even if the Motion were timely, it would be dismissed as procedurally defaulted. (Civ. Doc. # 4 at 7-8).

Mr. Bradley's sole claim is that he should not have received "the armed career criminal designation, as a matter of Due Process and Fair Notice for violation of [his] Constitutional Rights, Protections and Guarantees." (Civ. Doc. # 1 at 1). He argues that his "18 U.S.C. § 924(e) conviction is not supported by his ACCA predicate offenses, as they are not serious drug offenses because his offenses did not necessarily require a controlled substance as defined in 21 U.S.C. § 802." (Id.). According to Mr. Bradley, at the time of his sentencing, "Florida's definition of cocaine was broader than the Federal definition of cocaine" because Florida's definition of cocaine includes certain stereoisomers of cocaine that are not included in the federal definition of cocaine. (Id. at 2).

7

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Mr. Bradley did not raise this argument in a direct appeal, so it is procedurally defaulted.

Mr. Bradley has not explained why this procedural default should be excused. Because he has raised no argument to establish either of the exceptions to the procedural default rule, the Court cannot conclude that either exception applies here. See Id. ("A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." (citations and internal quotation marks omitted)); Korcz v. United States, No. 2:19-cr-00193-RDP-JHE, 2023 WL 2998483, at *8 (N.D. Ala. Apr. 18, 2023) ("As a threshold

8

matter, the court notes Petitioner did not address procedural default or cause and prejudice in her motion. That alone is enough to dispose of any challenge under this exception because Petitioner bears the burden of proof and has not met it.").

At most, Mr. Bradley conclusorily states that his counsel "at the time he was sentenced" was "aware of the fact that Florida's definition of cocaine was broader than the Federal definition of cocaine." (Civ. Doc. # 1 at 2). Such a conclusory assertion falls far short of establishing that his counsel was ineffective for purposes of establishing cause for default. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that conclusory statements, unsupported by specific facts or the record, are insufficient to demonstrate entitlement to habeas relief).

Thus, the construed 2255 Motion is alternatively dismissed as procedurally barred.

## III. **Evidentiary Hearing**

As the Court readily determined that Mr. Bradley's Motion is untimely and procedurally defaulted, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the

9

prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV.  Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Bradley has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Bradley to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Bradley shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Oshad Bradley's pro se construed 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 51) is **DISMISSED** as untimely.

10

(2)   The Clerk is directed to enter judgment in favor of the United States of America and against Mr. Bradley and, thereafter, to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11